THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC, | Case No. 1:13-cv-0669 WTL-MJD |
| Plaintiff, | |
| v. | |
| JOHN DOE, subscriber assigned IP address 68.58.26.128, | |
| Defendant. | |

## MOTION TO DISMISS

Defendant, by counsel, pursuant to F. R.C.P. 12(B)(6), hereby moves to dismiss (this "Motion") Plaintiff's Complaint (the "Complaint") (ECF 1) and, in support of this Motion, states:

## I.   PROCEDURAL BACKGROUND.

On April 24, 2013, Plaintiff initiated this action (this "Action") by filing that certain Complaint-Action for Damages for Property Rights Infringement (ECF 1) (the "Complaint") wherein Plaintiff seeks relief against Defendant based on Plaintiff's allegation that "Defendant is a persistent online infringer of Plaintiff's copyrights."  *See* ECF 1 at 2.

In support of its claims for copyright infringement against Defendant, Plaintiff alleges that it is the "registered owner of the copyrights set forth [below]" (*see* ECF 1 at 1 ¶ 3) (hereinafter the "Copyright(s)") and that Defendant has infringed upon said Copyrights by distributing certain copyrighted property, including "digital movie files", (the "Copyrighted Movie(s)") via "the

BitTorent File Distribution Network" (hereinafter, the "BT Network") (*see* ECF 1 at 3 ¶¶ 10 and 22, and at :

| Title | Registration Number | Date of First Publication | Registration Date | Most Recent Hit UTC |
|---|---|---|---|---|
| Angie VIP Lounge | PA0001771705 | 11/28/2011 | 01/17/2012 | 07/01/2012 |
| Anneli Dream Girl | PA0001769489 | 12/19/2011 | 01/04/2012 | 10/30/2012 |
| First Love | PA0001806476 | 09/05/2012 | 09/25/2012 | 12/02/2012 |
| Flexible Beauty | PA0001811853 | 10/19/2012 | 10/26/2012 | 12/01/2012 |
| Heaven Sent | PA0001788136 | 04/30/2012 | 04/27/2012 | 10/17/2012 |
| Seeing Double | PA0001824840 | 02/02/2013 | 02/07/2013 | 04/01/2013 |
| Stay With Me | PA0001780465 | 10/28/2011 | 03/10/2012 | 04/14/2012 |
| The Masseuse | PA0001779634 | 11/25/2011 | 03/08/2012 | 10/30/2012 |
| Wet Dream | PA0001800357 | 07/20/2012 | 07/20/2012 | 10/17/2012 |

*See* ECF 1-2 at 1 (a.k.a. Ex. B to the Plaintiff's Complaint (ECF 1)).  Based on this analysis, Plaintiff alleges not that Defendant is an infringer, but rather that "Defendant is the most likely infringer" because Defendant is alleged to be "the subscriber in control of the IP address."  *See* ECF 1 at 5 ¶ 24.

At the commencement of this Action, Plaintiff did not know the identity of Defendant. Although F.R.C.P. 26(d)(1) prohibits the issuance of discovery in advance of a F.R.C.P. 26(f) conference, Plaintiff requested *ex parte* leave of this Court to conduct discovery for the purposes of identifying said Defendant. Accordingly, on April 24, 2013, Plaintiff filed a Motion for Leave to Service a Third Party Subpoena Prior to Rule 26(f) Conference  (*see* ECF 4) (the "Leave Motion") and Memorandum of Law in Support of Plaintiff's Leave Motion (*see* ECF 5) (the "Leave Brief") pursuant to which Plaintiff sought leave of this Court to serve "limited, immediate discovery on the John Doe Defendant's Internet Service Provider ("ISP") so that Plaintiff may learn Defendant's true identify."  *See* ECF 5 at 3.  Furthermore, Plaintiff argued in the Leave Brief that "[w]ithout this

information, Plaintiff cannot served the Defendant nor pursue this lawsuit to protect its valuable copyrights." *See* ECF 5 at 3.    Neither the Leave Motion nor the Leave Brief were verified, supported by affidavit and/or otherwise  supported by authenticated extrinsic evidence.

## II.    ARGUMENT.

Pursuant to Plaintiff's Complaint, Plaintiff alleges one (1) count  against  Defendant (captioned "COUNT I: Direct Infringement Against Defendant") wherein Plaintiff alleged Copyright Infringement for violation of its exclusive rights arising from Defendant's unauthorized and willful copying and distribution of original works covered by the Copyrights.  *See* ECF 1 at 5-7 ¶¶ 29-33. As statutory authority for the forgoing Infringement Claim, Plaintiff cites this Court to 17U.S.C. §§ 101 (definitions), 106(1) and (3)-(5) (exclusive rights), 501, 504(statutory damages) and 505 (attorney fees).  *See* ECF 1 at 5-7 ¶¶ 29-33

17 U.S.C. § 106, which is captioned "Exclusive Rights in Copyrighted Works", provides in pertinent part as follows:

Subject to sections 107 through 122, the owner of copyright under this title has the exclusive rights to do and to authorize any of the following:

(1)    to reproduce the copyrighted work in copies…;

**** *** *** *** ***

(3)    to distribute copies….of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending;

(4)    in the case of…motion pictures and other audiovisual works, to perform the copyrighted work publicly; [and]

(5)    in the case of literary, musical, dramatic, and choreographic works, pantomimes, and pictorial, graphic, or sculptural works, including the

individual images of a motion picture or other audiovisual work, to display the copyrighted work publicly[…].

**** *** *** *** ***

17 U.S.C. § 501(a), which is captioned "Infringement of Copyright", provides in pertinent part as follows:  "Anyone who violates any of the exclusive rights of the copyright owner as provided by sections 106...is an infringer of the copyright...."  Under 17 U.S.C. § 501(a), "[p]laintiffs must satisfy two requirements to present a *prima facie* case of direct infringement: (1) they must show ownership of the allegedly infringed material and (2) they must demonstrate that the alleged infringers violate at least one exclusive right granted to copyright holders under 17 U.S.C. § 106." *See Atl. Recording Corp. v. Howell*, 554 F. Supp. 2d 976, 980-81 (D. Ariz. 2008)(quoting *A & M Records, Inc. v. Napster, Inc.,* 239 F.3d 1004, 1013 (9th Cir.2001)).

> **A.     Plaintiff Has Failed to State a *Prima facie* Case for Unlawful Distribution Under 17 U.S.C. § 106(1) and (3).**

Section 106(3) of the Copyright Act of 1976 grants to "the owner of copyright ... the exclusive rights to ... distribute copies…of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending." 17 U.S.C. § 106(3).  The statute does not define the term "distribute," so courts have interpreted the term in light of the statute's plain meaning and legislative history. The general rule, supported by the great weight of authority, is that "infringement of [the distribution right] requires an actual dissemination of…copies…." *Nat'l Car Rental Sys. v. Computer Assocs. Int'l, Inc.,* 991 F.2d 426, 434 (8th Cir.1993). *See also Perfect 10, Inc. v. Amazon.com, Inc.,* 487 F.3d 701, 718 (9th Cir.2007) ("[T]he district court's conclusion [that distribution requires an 'actual dissemination'] is consistent with the language of the Copyright Act."); *London-Sire Records, Inc. v. Doe 1,* 542 F.Supp.2d 153, 168-69 (D.Mass.2008); *Musical*

*Prods., Inc. v. Roma's Record Corp.,* No. 05-CV-5903(FB)(VVP), 2007 U.S. Dist. LEXIS 16064, at
*3, 2007 WL 750319, at *1 (E.D.N.Y. Mar. 7, 2007); *In re Napster, Inc. Copyright Litig.,* 377
F.Supp.2d 796, 802 (N.D.Cal.2005) (listing authority "that supports [the] view that distribution of a
copyrighted work requires the transfer of an identifiable copy of that work."); *Paramount Pictures
Corp. v. Labus,* 1990 U.S. Dist. LEXIS 11754, at *14, 1990 WL 120642, at *4 (W.D.Wis. Mar. 23,
1990); 2 David Nimmer & Melville B. Nimmer, Nimmer on Copyright § 8.11[A], at 8-149 (2007)
("Infringement of [the distribution right] requires an actual dissemination of either copies or
phonorecords."); 4 William F. Patry, Patry on Copyright § 13:9, at 13-13 (2007) ("Without actual
distribution of copies of the [work], there is no violation of the distribution right."); 2 Paul
Goldstein, Goldstein on Copyright § 7.5.1, at 7:125 to 7:126 (3d ed. 2005) ("[A]n actual transfer
must take place; a mere offer for sale will not infringe the right.").

   While "District [C]ourts have struggled to determine whether the requirement to prove actual
dissemination or *Hotaling* should apply to cases of alleged copyright infringement through online
file-sharing[,]"[3] "the great weight of authority [provides] that § 106(3) is not violated unless the
defendant has actually distributed an unauthorized copy of the work to a member of the public….
Unless a copy of the work changes hands in one of the designated ways, a 'distribution' under §
106(3) has not taken place.  Merely making an unauthorized copy of a copyrighted work available to
the public does not violate a copyright holder's exclusive right of distribution."  *Atl. Recording
Corp. v. Howell*, 554 F. Supp. 2d 976, 983-84 (D. Ariz. 2008).

   In support of its claim for Unlawful Distribution, Plaintiff alleges that its own investigator,
IPP Limited, ("Plaintiff's Agent") downloaded from the IP Address "one or more bits" of each of the
"[Copyrighted Movies]" (*see* ECF 1 at 4 ¶ 18) and "files" (*see* ECF 1 at 4 ¶ 20).  *See also* ECF 1 at 4

¶ 21 (which appears to be the same issue).  Other than Plaintiff's allegation that Plaintiff's Agent allegedly downloaded the Copyrighted Movies from the IP Address, Plaintiff's Complaint does not allege any other incidents wherein the Copyrighted Movies were allegedly downloaded from the IP Address by a third party (or otherwise).  *See generally* ECF 1.

Plaintiff does not allege any active involvement by Defendant in the direct decimation of the Copyrighted Movies.  The only allegation in Plaintiff's Complaint with regard to Defendant's alleged involvement is that Defendant "distributed" that Copyrighted Movies because Defendant used the BT Network.  *See* ECF 1 at 5 ¶ 30 ("By using [the BT Network], Defendant copied and distributed the constituent elements of each of the original works covered by the [Copyrights].").  On the other hand, the allegations of Plaintiff's Complaint clearly allege that Plaintiff's Agent, and no other party, was actively involved in the direct download of the Copyrighted Movies from the IP Address.  *See* ECF 1 at 4 ¶¶ 18 and 20-21.

Additionally, while Plaintiff has alleged in general that "Plaintiff did not authorize, permit or consent to Defendant's distribution of its work[s]" (*see* ECF 5 at 31),  Plaintiff fails to allege any prohibition against Defendant in situations where Plaintiff's authorized agent (i.e., Plaintiff's Agent) attempts to download Copyrighted Movies from the IP Address.    In fact, Plaintiff's Agent was in fact authorized to download the Copyrighted Materials from the IP Address.

Plaintiff has also failed to set forth in its Complaint a *prima facie* case for Direct Copyright Infringement under 17 U.S.C. § 106(3) because Plaintiff has failed to allege that any actual dissemination of the Copyrighted Materials was "by sale or other transfer of ownership, or by rental, lease, or lending[]".

Lastly, while Plaintiff has alleged in Plaintiff's Complaint that Plaintiff is the registered owner of the Copyrights (*see* ECF 1 at 5 ¶ 29), Plaintiff has failed to alleged that Defendant is not the owner of the alleged copies of the Copyrighted Movies nor has Plaintiff alleged the same with regarding to any prior party from which Defendant allegedly obtained copies of the Copyrighted Movies through the use of the BT Network.  *See* generally ECF 1. The "exclusive rights" that a copyright owner has "to distribute copies ... of [a] copyrighted work," 17 U.S.C. § 106(3), are qualified by the application of several limitations set out in §§ 107 through 122, including the "first sale" doctrine, which provides that "the owner of a particular copy…lawfully made under this title ... is entitled, without the authority of the copyright owner, to sell or otherwise dispose of the possession of that copy…," § 109(a).  *Kirtsaeng v. John Wiley & Sons, Inc.*, 133 S. Ct. 1351, 1352 (2013).

In summation, Plaintiff has failed to set forth in its Complaint a *prima facie* case for Direct Copyright Infringement under 17 U.S.C. § 106(3) because Plaintiff has failed to allege that Defendant was actively involved in the actual dissemination of the Copyrighted Movies to the public.  Plaintiff has also failed to set forth in its Complaint a *prima facie* case for Direct Copyright Infringement under 17 U.S.C. § 106(3) because Plaintiff has failed to allege that Defendant was not authorized to allow Plaintiff's Agent's to download the Copyrighted Movies from the IP Address.  Furthermore, Plaintiff has failed to set forth in its Complaint a *prima facie* case for Direct Copyright Infringement under 17 U.S.C. § 106(3) because Plaintiff has admitted that Plaintiff's Agent was authorized to download the Copyrighted Movies from the IP Address.  Lastly, Plaintiff has failed to set forth in its Complaint a *prima facie* case for Direct Copyright Infringement under 17 U.S.C. §

106(3) because Plaintiff has failed to allege that any actual dissemination of the Copyrighted Movies

was "by sale or other transfer of ownership, or by rental, lease, or lending[]".

    **B.**    **Plaintiff Has Failed to State a *Prima facie* Case for Unlawful Pubic Performance and Display Under 17 U.S.C. §§ 106(4)-(5).**

Pursuant to 17 U.S.C. § 101, "To perform or display a work "publicly" means—

> **(1)**    to perform or display it at a place open to the public or at any place where a substantial number of persons outside of a normal circle of a family and its social acquaintances is gathered; or

> **(2)**    to transmit or otherwise communicate a performance or display of the work to a place specified by clause (1) or to the public, by means of any device or process, whether the members of the public capable of receiving the performance or display receive it in the same place or in separate places and at the same time or at different times.

"To 'perform' a work means to recite, render, play, dance, or act it, either directly or by means of any device or process or, in the case of a motion picture or other audiovisual work, to show its images in any sequence or to make the sounds accompanying it audible."  17 U.S.C.A. § 101. "To 'display' a work means to show a copy of it, either directly or by means of a film, slide, television image, or any other device or process or, in the case of a motion picture or other audiovisual work, to show individual images consequentially."  17 U.S.C.A. § 101.

Plaintiff has failed to set forth in its Complaint a *prima facie* case for Direct Copyright Infringement under 17 U.S.C. §§ 106(4)-(5) because Plaintiff has failed to allege any facts whatsoever in Plaintiff's Complaint that Defendant has either "performed the [Copyrighted Movies] publicly[]" or otherwise that Defendant has "display[ed] the [Copyrighted Movies] publicly".

    **C.**    **In addition to the Reasons Set Forth Above in Section II(A)-(C), Plaintiff Has Failed to State a *Prima facie* Case for Copyright Infringement Under 17 U.S.C. §§ 106 (1) and (3)-(5) Because Plaintiff Lacks Damages as a Matter of Law.**

With respect to Plaintiff's Infringement Claim, Plaintiff has requested damages pursuant to 17 U.S.C. § 504(a)-(c), which is captioned "Remedies for Infringement: Damages and Profits". *See* ECF 1 at 7 ¶ (D) 106, which is captioned "Exclusive Rights in Copyrighted Works", provides in pertinent part as follows:

(a)   In General.--Except as otherwise provided by this title, an infringer of copyright is liable for either--

    (1)   the copyright owner's actual damages and any additional profits of the infringer, as provided by subsection (b); or

    (2)   statutory damages, as provided by subsection (c).

(b)   Actual Damages and Profits.--The copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages. In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work.

(c)   Statutory Damages.--

    (1)   Except as provided by clause (2) of this subsection, the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just. For the purposes of this subsection, all the parts of a compilation or derivative work constitute one work.

    (2)   In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000. In a case where the infringer sustains the burden of proving, and the court finds, that such infringer was not aware and had no reason to believe that his or her acts

> constituted an infringement of copyright, the court in its discretion
> may reduce the award of statutory damages to a sum of not less than
> $200….

Based on the allegations of the Complaint alone, Plaintiff will not be able to recover actual damages and/or lost profits. Specifically, as discussed previously, the Complaint alleges that Defendant unlawfully distributed the Copyrighted Moves to Plaintiff's Agent.  However, because Plaintiff's Agent was authorized by Plaintiff to download the Copyrighted Movies from the IP Address, Plaintiff's Agent did not purchase said Copyrighted Movies from Defendant (resulting in no lost profits) nor Plaintiff (resulting in not lost revenue).

With regard to statutory damages for willful violations, Plaintiff is precluded from recovery based on the allegations of the Complaint.  The infringements with which Defendant is charged with are unlawful distribution and Unlawful Pubic Performance and Display.  As discussed previously, there are allegations set forth in the Plaintiff's Complaint which relate to a claim of infringement based on said exclusive rights and, therefore, Defendant cannot act willfully in violation of said exclusive rights.  With regard to infringement for unlawful distribution, as discussed previously, the only allegation of unlawful distribution stems from the unilateral downloading by Plaintiff's Agent and there exists no other unlawful distribution allegations in the Complaint.

### D.    Plaintiff Has Failed to State a *Prima facie* Case for Unlawful Infringement Under 17 U.S.C. § 106(1).

In addition to the fact that that Complaint fails to present a *prima facia* case under any part of 17 U.S.C. § 106(1) and/or (3)-(5), the need for the discovery at this stage in the litigation is outweighed by Defendant's justified expectation of privacy.  In weighing a motion to quash in such cases, the Court must balance "the need to provide the injured part[y] with an [sic] forum in which

[it] may seek redress for grievances" against the need to protect ISP subscribers from the "fear that someone who wishes to harass or embarrass them can file a frivolous lawsuit and thereby gain the power of the court's order to discover their identity." *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 578 (N.D. Cal. 1999). The Court must consider "the expectation of privacy held by ... innocent users who may be dragged into the case (for example, because they shared an IP address with an alleged infringer)." *London-Sire Records, Inc. v. Doe 1*, 542 F. Supp. 2d 153, 179 (D. Mass. 2008). "The privacy interests of innocent third parties weighs heavily against the public's interest in access to court documents." *Third Degree Films*, 2011 U.S. Dist. LEXIS 128030, at *11. Internet "subscribers have a privacy interest created by Congress." *Discount Video Ctr., Inc. v. Does 1-29*, Civ. A. No. 12- 10805-NMG, 2012 U.S. Dist. LEXIS 112518, *15 (D. Mass. Aug. 10, 2012) (citing 47 U.S.C. § 551). "Individuals generally possess a reasonable expectation of privacy in their home computers." *United States v. Lifshitz*, 369 F.3d 173, 190 (2d Cir. 2004). An ISP's ability to access a subscriber's information "cannot be sufficient to extinguish a reasonable expectation of privacy." *United States v. Warshak*, 631 F. 3d 266, 286-87 (6th Cir. 2010).

Any disclosure of information identifying John Doe 9 would subject him to a choice between public opprobrium and private blackmail on spurious claims. In the pornography infringement cases about which this Court, *sua sponte*, raised concerns in its September 19, 2012 Order, the "high risk of false positive identifications ... 'horror stories' of harassing and abusive litigation techniques ... and the nature of the copyrighted work in this case creates the possibility of undue embarrassment and harm were a Doe defendant's name to be publicly, but erroneously, linked to the illegal downloading of the plaintiff's copyrighted work." *Digital Sin, Inc. v. Does 1-27*, 12 Civ. 3873 (JMF), 2012 U.S. Dist. LEXIS 78832, *12-13 (S.D.N.Y. June 6, 2012).

In such cases, there is a risk not only of public embarrassment for the misidentified defendant, but also that the innocent defendant may be coerced into an unjust settlement with the plaintiff to prevent the dissemination of publicity surrounding unfounded allegations. The risk of

a shake-down is compounded when the claims involve allegations that a defendant downloaded and distributed sexually explicit material. *Patrick Collins, Inc. v. Does 1-4*, 12 Civ. 2962 (HB), 2012 U.S. Dist. LEXIS 82253, *4 (S.D.N.Y. June 12, 2012). "[T]he practical reality of these types of cases—which, as noted, have proliferated across the country—is that almost all end in settlement and few, if any, are resolved on their merits." *Third Degree Films, Inc. v. Does 1-108*, No. DKC 11-3007, 2012 U.S. Dist. LEXIS 59233, *11-12 (D. Md. Apr. 27, 2012) (citing *SBO Pictures, Inc. v. Does 1-3036*, No. 11-4220 SC, 2011 U.S. Dist. LEXIS 137361, *10-12 (N.D. Cal. Nov. 30, 2011)).

Plaintiff's request for discovery would violate John Doe 9's reasonable privacy interest and is not justified, in light of the track record in cases such as the instant case in which plaintiffs' use such discovery of personal information about ISP subscribers to coerce them into unwarranted settlement payments. See, e.g., *Hard Drive Prods., Inc. v. John Doe*, Civ. A No. 11 CV 8333, 2012 U.S. Dist. LEXIS 89937, *9 (N.D. Ill. June 26, 2012) (discussing common litigation tactics employed in mass copyright litigation lawsuits and denying plaintiff "unnecessary, broad, and prejudicial early discovery").

## III.    CONCLUSION.

Plaintiff  has failed to state a claim for which relief may be granted and, therefore, the Plaintiff's Complaint should be dismissed.

WHEREFORE, Defendant, by counsel, respectfully requests that the Complaint be dismissed and for all other just and proper relief.

Date: September 3, 2013.                    Respectfully Submitted,

                                            s/ P. Adam Davis
                                            P. Adam Davis
                                            DAVIS & SARBINOFF, LLP
                                            9000 Keystone Crossing, Suite 660
                                            Indianapolis, Indiana  46240
                                            Telephone: (317)569-1296
                                            Facsimile: (317)569-1293
                                            E-mail: adavis@d-slaw.com
                                            *Attorney for Defendant*

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that a copy of the foregoing was filed electronically as of the date indicated above.  Notice of this filing will be sent to the parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.  For those parties which are not registered with the Court's electronic filing system, the undersigned hereby certifies that a copy of the foregoing has been served by faxing a copy of the same.

Paul J. Nicoletti                           Comcast
paul@nicolett-associates.com                Facsimile:  (866) 947-5587

Date: September 3, 2013.                    Respectfully Submitted,

                                            s/ P. Adam Davis
                                            P. Adam Davis
                                            DAVIS & SARBINOFF, LLP
                                            9000 Keystone Crossing, Suite 660
                                            Indianapolis, Indiana  46240
                                            Telephone: (317)569-1296
                                            Facsimile: (317)569-1293
                                            E-mail: adavis@d-slaw.com
                                            *Attorney for Defendant*