UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) No. 1:13-cv-00669-WTL-MJD |
| JOHN DOE subscriber assigned IP address 68.58.26.128, | ) ) ) |
| Defendant. | ) ) |

## ORDER ON MOTION TO PROCEED ANONYMOUSLY

This matter is before the Court on Movant John Doe's Limited Motion to Proceed Anonymously. [Dkt. 24.] The Court, being duly advised, **DENIES** the motion.

### I.     Background

This is an action for copyright infringement brought against a defendant, who is identifiable to Plaintiff Malibu Media, LLC only by his Internet Protocol ("IP") addresses.[1] Movant under anonymity, filed a Motion to Quash [Dkt. 20], a Motion to Dismiss [Dkt. 25] and the instant motion [Dkt. 24]. On September 11, 2013, this Court issued an Order to Show Cause requiring the movant to identify himself for the record. [Dkt. 26.] The movant having complied, the Court now rules on the Limited Motion to Proceed Anonymously [Dkt. 24].

### II.     Legal Standard

Allowing the use of a fictitious name in litigation is disfavored. *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997). "Identifying the parties to

---

[1] The Court's usage of the pronoun "he" to refer to John Doe reflects the gender of the pseudonym John Doe and not necessarily the gender of the individual the pseudonym represents.

the proceeding is an important dimension of publicness. The people have a right to know who is using their courts." *Id*; *see also Doe v. Smith*, 429 F.3d 706, 710 (7th Cir. 2005) ("The public has an interest in knowing what the judicial system is doing, an interest that is frustrated when any part of litigation is conducted in secret."). A district court has the discretion to permit a party to proceed anonymously only where the party has a privacy right so substantial as to outweigh the "customary and constitutionally-embedded presumption of openness in judicial proceedings." *Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d at 872 (citations omitted).

When evaluating a request to proceed anonymously, courts will consider the following factors to determine whether the party's interest in privacy is so significant as to outweigh the strong presumption favoring identification of litigants: (1) whether the party is challenging governmental activity; (2) whether the party's action requires disclosure of information of the utmost intimacy; (3) whether the action requires disclosure of the party's intention to engage in illegal conduct; (4) whether identification would put the party at risk of suffering physical or mental injury; (5) whether the opposing party would be prejudiced by allowing the party to proceed anonymously; and (6) the public interest in guaranteeing open access to proceedings without denying litigants access to the justice system. *Doe v. Ind. Black Expo, Inc*., 923 F.Supp. 137, 140 (S.D. Ind. 1996). The Court will address these factors below.

### III.     Discussion

The Court finds, and the movant does not argue, that factors 1, 3, and 4 do not apply to the circumstances of this case. This case does not assert a challenge to any government activity; neither Plaintiff nor the movant allege any criminal activity; and the movant does not allege that he is at risk of suffering physical or mental injury. The movant's only argument is that he needs

to be protected "'from annoyance, embarrassment, oppression, or undue burden or expense' as contemplated by Rule 26(c)." [Dkt. 22 at 3.] While the movant cites to case law and Rule 26(c), which will be discussed below, the movant never asserts which one of those reasons contemplated by Rule 26(c) applied in the instant matter.

Based upon the case law cited, this Court is left to believe that the movant seeks anonymity to protect against embarrassment, which would likely fall under factor 2 of the relevant inquiry. However, this does not appear to be a case involving "disclosure of information of the utmost intimacy." *See Plaintiff B. v. Francis MRA Holdings, LLC*, 631 F.3d 1310, 1316-19 (11th Cir. 2011) (applying the "utmost intimacy" standard); s*ee also Roe v. Aware Woman Center for Choice, Inc*., 253 F.3d 678, 685 (11th Cir. 2001); *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981). Although the Court acknowledges there may be some social stigma attached to viewing pornography, the potential embarrassment does not constitute an exceptional circumstance that would warrant allowing the movant to proceed anonymously. *Doe v. Megless*, 654 F.3d 404, 408 (3rd Cir. 2011). As other district courts have held, mere embarrassment does not suffice to overcome the public's interest in disclosure. *See Liberty Media Holdings, LLC v. Swarm Sharing Hash File*, 821 F. Supp. 2d 444, 452 (D. Mass. 2011); *Malibu Media, LLC v. John Does 1-25*, 2012 WL 3940142 (M.D. Fla. 2012).

The Movant's reliance on Rule 26(c) for protective orders is misplaced. That discovery rule assumes that Rule 10, publicly naming all parties, has already been satisfied. Fed. R. Civ. P. 10(a); *Megless*, 654 F.3d at 408. Rule 10(a) "illustrates 'the principle that judicial proceedings, civil as well as criminal, are to be conducted in public.'" *Id*. (quoting *Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d at 872). While Rule 26(c) protects persons against whom discovery is sought; it is not a shield against the requirements of Rule 10.

3

Even if this Court could issue a protective order, the movant does not allege any facts that would warrant such protection. "It is the rare civil lawsuit in which a defendant is not accused of behavior of which others may disapprove.  The nature of the allegations alone do not merit a protective order." *Patrick Collins, Inc. v. John Does 1-54*, 2012 WL 911432 (D. Ariz. 2012).  In other words, in many cases embarrassment over being named a defendant in a lawsuit is an unavoidable part of the litigation process.  The proper remedy is not to depart from the "constitutionally-embedded presumption" of openness of judicial proceedings; the remedy is to vigorously defend the lawsuit.

### IV.    Conclusion

For the reasons set forth above, the Motion to Proceed Anonymously is **DENIED**. **IT IS HEREBY ORDERED** that the movant identify himself for the record within seven (7) days of the date of this Order. Absent that, the movant is hereby Ordered to Show Cause, within ten days of the date of this Order, why the Motion to Dismiss [Dkt. 25] and the Motion to Quash [Dkt. 20] filed on his behalf should not be stricken.

Furthermore, the Court notes that the Limited Motion to Proceed Anonymously [Dkt. 24] was filed under seal.  Local Rule 5-11(c) provides in part that "[t]o seal a paper, a party must either file it electronically as required under section 18 of the *CM/ECF Policies and Procedures Manual* or file the paper with a cover sheet containing . . . information identifying the statute, rule, or court order authorizing the paper to be sealed, if a motion requesting that it be sealed does not accompany the paper." S.D. Ind. L.R. 5-11(c)(4).  Section 18 of the *CM/ECF Policies and Procedures Manual* provides that "a document may be filed under seal only if the document is subject to sealing by a prior order of the court, accompanied by a motion to seal, or filed under seal pursuant to Fed. R. Civ. P. 5.2.  A document filed under seal in a civil matter must be

4

accompanied by a *Sealed Cover Sheet*, which is submitted as an attachment to the sealed filing. The contents of the *Sealed Cover Sheet* are set forth in Local Rule 5-11." The movant failed to comply with the Local Rules for filing a document under seal and has never sought leave to maintain a document under seal. Accordingly, the seal on movant's Limited Motion to Proceed Anonymously [Dkt. 24] is hereby lifted.

Date: 09/20/2013

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

P. Adam Davis
DAVIS & SARBINOFF LLP
adavis@d-slaw.com

Paul J. Nicoletti
NICOLETTI & ASSOCIATES, P.C.
pauljnicoletti@gmail.com